Thomas J. Thorsen *vs.* George H. Perkins.

November 20, 1888.

Vendor and Purchaser — Record of Contract — Prior Unrecorded Deed.—Under Gen. St. 1878, c. 40, § 28, the record of an executory contract for the sale of lands is constructive notice to a subsequent purchaser of the same lands; but the prior record of such contract does not entitle the holder thereof to a preference over the grantee in a deed given before the execution of such contract.

Same — Construction of Contract — Vendor to Continue Trustee and Make Deeds to Others — Purchaser's Interest in Lands and Proceeds of Sales.—The contract set forth in the answer construed, and *held* to contemplate that the vendors were to remain trustees of the legal title of the lands described therein until the payment of the balance of the purchase price remaining unpaid, (after deducting the cash payment,) which was to be derived from sales, and that by necessary implication they were

authorized to make conveyances to purchasers in order to convert such lands into money and securities, as provided by the contract, and that until such payment of the purchase price no conveyance was to be made to the purchaser under the contract. The plaintiff's title to a portion of the land derived from the vendors not appearing to have been unauthorized by the contract, *held*, that the defendant was not entitled to the affirmative relief asked by him in his answer.

Action to determine adverse claims to vacant land, brought in the district court for Hennepin county. The complaint alleges that on May 26, 1887, Harmon K. Pratt, Hugh H. Miller, and three other persons named, were the owners of the lots in question, and on or about that day conveyed them by warranty deed to the plaintiff, who has ever since been and now is owner in fee. The answer, for a second defence, alleges that on May 21, 1887, Pratt and Miller were the owners, having acquired title by deed delivered to them on May 20th, on which last-named day they made with the defendant the written contract for a sale to him of a one-fifth interest in these and other lands, the material parts of which are stated in the opinion, and a copy of which is attached to the answer. It further alleges payment by defendant, on May 20th, of the $2,000 mentioned in the contract, and that the contract was signed, sealed, acknowledged, and delivered to defendant on July 8, 1887, but was agreed to on May 20, 1887. The answer further alleges that the contract was delivered to defendant and filed for record long prior to the delivery of the deed to plaintiff alleged in the complaint. A demurrer to this second defence was sustained by *Young*, J., and the defendant appealed.

*Henry M. Farnam*, for appellant.

*Ueland, Shores & Holt*, for respondent.

VANDERBURGH, J. If the contract set up in the answer was executed and recorded prior to the execution of the deed under which plaintiff claims, he is chargeable with constructive notice of the terms of the contract by virtue of Gen. St. 1878, c. 40, § 28, and his deed would be subject to the contract. But if the deed was first executed, though not first recorded, plaintiff's rights would not be affected by the contract, because they would have become fixed before notice; for, while the statute referred to makes the record notice of the exist-

ence of an executory contract for the sale of land, no preference over an existing deed is gained merely by superior diligence in recording the contract; since the record of such an instrument is simply made *notice* under section 28, and such instruments are not embraced in section 21 of the chapter referred to; (see section 26.)

Assuming, for the purposes of this appeal, that the pleadings admit that the plaintiff took his deed with notice of the contract, we are next to inquire how his rights are affected thereby; and this will require an examination and consideration of the provisions therein. The vendors, who are the grantors of plaintiff, in consideration of the sum of $2,000, paid by the defendant on the execution of the contract, undertake to sell and agree to convey to him, "upon the full performance of his part of the agreement, an undivided fifth interest" in a large number of blocks of land therein described. This is, however, qualified by subsequent provisions, under which it appears that the several parties named, whose interests are respectively declared and defined, are to receive their proportion of the amounts derived from sales of said property after the payment of all expenses of making sales, etc.; and it was thereby further "agreed, by and between the parties, that the party of the second part shall pay to the parties of the first part the further sum of $4,789, and interest thereon, in addition to the sum of $2,000 paid at the date hereof, for said one-fifth interest; which amount, and interest thereon, is to be paid from time to time out of said second party's share of the net proceeds of the sales of said lands and lots; * * * and when said amount shall be fully paid, as aforesaid, said parties of the first part shall convey to said party of the second part, by warranty deed, as aforesaid, the undivided one-fifth part of all *that part* of said land and lots *then remaining unsold,* * * * and shall convey, assign, and set over to said party of the second part the undivided one-fifth part of all notes and mortgages, or other real or personal property, which may have been received by them in payment or part-payment for any of said lots or lands so sold by them, as aforesaid, previous to the time when such deed and assignment are made according to the provisions hereof." This instrument is not to be so construed as to give effect to isolated clauses merely, but upon an examination and com-

parison of all its parts, in order to arrive at the intention of the parties. So considered, it appears to have been their intention to give the defendant an equitable one-fifth interest in the property in question, which was to be held for sale, but he was to receive the *legal title* of that portion *only* of the lands contracted which should remain after the full payment of the purchase-money, which it was contemplated would be made out of prior sales; that is to say, the vendors were to remain trustees of the legal title until such payment, and, by necessary implication, were authorized to make conveyances to purchasers in order to convert the land into money and securities, as provided in the contract,—the plaintiff having the same interest in the proceeds after the conversion as he would otherwise have been entitled to in the lands so sold. For aught that appears in the answer demurred to, the sale to the plaintiff was made in good faith, in pursuance of and was authorized by the contract, and therefore passed a valid legal title under the deed to him. The defendant sets up the contract, but fails to allege that the purchase price had been paid, or any facts showing any superior right to a conveyance of the land sold, in place of the proceeds thereof for which he is entitled to an accounting from the covenantors in the contract.

Order affirmed.